Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4061**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS AUGUSTIN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. H. Brent McKnight, District Judge. (CR-02-208)

———————

Submitted: June 24, 2004          Decided: June 29, 2004

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard F. Della Fera, ENTIN, DELLA FERA & GREENBERG, P.A., Fort Lauderdale, Florida, for Appellant. Robert J. Conrad, Jr., United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Augustin pled guilty to possession of fifty grams or more of cocaine base (crack) and 500 grams or more of cocaine with intent to distribute, 21 U.S.C. § 841(a) (2000), and was sentenced to a term of 210 months imprisonment. Augustin challenges his sentence, alleging that the district court clearly erred in finding that he possessed a firearm during the drug offense. The court's decision resulted in a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2003), and made Augustin ineligible for a reduction under the safety valve provision. USSG § 2D1.1(b)(6). We affirm.

Augustin sold half a kilogram of crack to a confidential informant for $12,000 and was immediately arrested by drug task force agents. Augustin was carrying about $1200 in cash. He cooperated, consented to a search of two apartments and assisted in the search of the apartments. In the Whitcomb Street apartment, the agents found another $12,000 in a shoebox and a handgun. In the Albemarle Road apartment where Augustin lived with his girlfriend and their children, they found cocaine and crack, some of which was in a shoebox. The agents seized a total of 2.7 kilograms of crack and two kilograms of cocaine. Augustin told the agents that the drugs, the gun and the money all belonged to him.

An enhancement under § 2D1.1(b)(1) is appropriate if a gun is present during the drug offense unless it is clearly

- 2 -

improbable that the gun is connected to the offense. USSG § 2D1.1, comment. (n.3). The government must show that the gun was possessed during the drug activity, United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001), but need not show "precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (citing United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991)). Augustin claims that the enhancement was unjustified because the gun was not found in the same apartment as the drugs and because the government did not offer any proof that the $12,000 in cash was derived from drug sales. However, because Augustin took the agents to the apartment where the gun and the money were located as part of his cooperation, we conclude that the district court did not commit clear error in finding that it was not clearly improbable that the gun was connected to Augustin's drug activity.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED