**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4061**

---

UNITED STATES OF AMERICA,

                                              Plaintiff - Appellee,

      versus

THOMAS AUGUSTIN,

                                           Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7728)

---

Submitted: September 30, 2005      Decided: November 29, 2005

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Richard F. Della Fera, ENTIN, DELLA FERA & GREENBERG, P.A., Fort Lauderdale, Florida, for Appellant. Gretchen C. F. Shappert, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Augustin pled guilty to possession of fifty grams or more of cocaine base (crack) and 500 grams or more of cocaine with intent to distribute, 21 U.S.C. § 841(a) (2000), and was sentenced to a term of 210 months imprisonment. We affirmed his sentence and denied rehearing. United States v. Augustin, No. 04-4061, 2004 WL 1447924 (4th Cir. June 29, 2004) (unpublished). The Supreme Court subsequently granted Augustin's petition for certiorari, vacated this court's judgment, and remanded his case for further proceedings in light of United States v. Booker, 125 S. Ct. 738 (2005).

Augustin was sentenced before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on judicial fact finding rather than facts he admitted. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Augustin now contends that the district court plainly erred under Booker in applying the guidelines as mandatory and in enhancing his sentence for possession of a firearm during the offense, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2003), because the enhancement violated the Sixth Amendment. With respect to the district court's mandatory

application of the guidelines, the district court gave no indication that it would impose a lower sentence under an advisory guideline system. Therefore, Augustin cannot show actual prejudice, and resentencing is not authorized on this ground alone. United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005).

Augustin's base offense level was 38 under § 2D1.1(c)(1) (1.5 kilograms or more of crack). He admitted responsibility for more than 1.5 kilograms of crack. With the two-level weapon enhancement and a three-level adjustment for acceptance of responsibility, his final offense level was 37. Augustin was in criminal history category I, which gave him a guideline range of 210-262 months. The district court imposed a sentence of 210 months. Without the enhancement for possession of a firearm during the offense, Augustin's offense level would have been 38 and the guideline range, based on facts he admitted, would have been 235-293 months. For purposes of determining Booker error, we consider the guideline range based on facts Augustin admitted before the reduction for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Augustin's sentence of 210 months imprisonment thus does not exceed the maximum authorized based on the facts he admitted. Id. at 300-01. We conclude that no Sixth Amendment violation occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
